## CONSTRUCTION OF A WRITTEN BUILDING CONTRACT.

Circuit Court of Cuyahoga County.

FRANCES H. KEIPER v. EDWIN SELFE.

Decided, October 29, 1906.

*Trials—Parties Entitled to Instructions Before Argument—Clear and Convincing Evidence Required to Prove Waiver of Condition in Written Contract—Interpretation of Written Contract is for Court.*

1. Either party has the right to have instructions given to the jury before argument, provided they are proper under the law applicable to the case, and giving substantially the instructions asked for after argument does not cure the error of refusing them before argument.
2. Where a condition in a building contract provides that the owner shall not be liable for extras or for work not provided for in the contract unless the changes in the plans are indorsed upon the back of the contract, the plaintiff can not recover for such extras or for labor outside of the contract, without proving by clear and convincing evidence that the owner waived the condition.
3. Interpretation of a written contract is for the court, and where an issue is made as to whether or not certain items are provided for in a written building contract or a certain notice required, it was error for the court to instruct the jury to determine those facts from an inspection of the contract.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Suit was brought by Selfe against Frances H. Keiper and her husband, William Keiper, to recover for a balance claimed to be due to said Selfe, hereinafter spoken of as the plaintiff, upon a written contract entered into between said plaintiff and Frances H. Keiper, hereinafter spoken of as defendant, for furnishing materials and erecting a house by said plaintiff for defendant. The petition also claimed a judgment for certain labor and materials, which the plaintiff claimed as due for charges made

in the contract involving additional expenses, and for certain
labor and materials claimed as extras. Upon the trial the jury
found for the plaintiff against the defendant Frances, and judg-
ment was rendered against her. No judgment was rendered
against William Keiper, and nothing further need be said about
him.

The defendant answered the petition of the plaintiff, quoting
a provision of the contract as to charges and extras; setting up
that she had paid $25 for hardware, which she says by the terms
of the contract she was to be credited with, but for which she
says no credit was given, and says plaintiff is not entitled to
recover for extras because he has not brought himself within
the provisions of the contract.

She then sets up by way of cross-petition and as a counter-
claim a failure on the part of the plaintiff to perform fully
his contract in certain specified particulars, anl she prays judg-
ment against the plaintiff in the sum of $200 by reason of such
counter-claim.

Mrs. Keiper prosecutes error to the judgment against her.

A bill of exceptions is filed here with all the evidence given
or offered at the trial, together with the other proceedings in the
case.

The verdict of the jury is against the defendant in the sum
of $149.59, and then these words follow: "And we do find that
there is due the defendant upon the cross-petition the sum of
no dollars. We therefore find for plaintiff and assess his dam-
ages at $149.59."

In its instructions to the jury, at the close of the charge as
to the manner of preparing the verdict, the court said:

"Taking into consideration all of the evidence, you will find
out what in your judgment he is entitled to, if he is entitled to
anything at all, and you will compute interest upon the same
thus found from September 1st up to the first day of April of
this year. You will then ascertain what sum, if any, is due the
defendant on her cross-petition and your verdict will state what
it may be. The form of verdict is this: 'We the jury in this
case being duly empaneled and sworn, do find for the plaintiff
against the defendant, Frances H. Keiper, and assess his dam-
ages by reason of the promises at blank dollars, and we find that
there is due the defendant upon her cross-petition the sum of

blank dollars.  We therefore find for blank and assess blank damages at blank dollars.' "

Assuming as we must that the jury understood this instruction, it would seem from the verdict that the amount found for the plaintiff was without any deduction on account of failure to perform the contract, because such failure was set up as a counter-claim, and the jury found that on account thereof the defendant is entitled to "No dollars."

Since the amount found for the plaintiff is not above the balance claimed by him on the contract and is almost exactly what he claimed thereon with interest to the first day of the term at which the case was tried, it is urged by the plaintiff that we should assume that nothing was allowed him for extras or charges and that, therefore, whether there were errors or not in the charge or any refusal to charge on the matter of such extras and changes, no prejudice could have resulted to the defendant, and therefore the judgment should be permitted to stand. Were it not for the dispute of $25 for hardware this would have weight, but with this dispute we can not say but that the jury allowed plaintiff something for extras, and charged him with not having credited the $25 and so reached the verdict rendered. If this was done, it becomes necessary to determine whether the charge of the court was right on such extras and charges, and whether the court erred in refusing to charge as requested by the defendant.

The court was requested in writing by the defendant to give certain propositions to the jury before argument.  The court declined to give such instructions before . argument, saying:

"I do not deem it necessary to read these requests at the present time, for the reason that in my judgment they will be substantially taken care of in my charge to the jury when the time comes."

By Section 5190, either party has the right to have instructions given before argument, provided they be proper under the law and applicable to the case.  See *R. R. Co.* v. *Hawkins*, 64 O. S., 523; *Village of Monroeville* v. *Root*, 54 O. S., 523.

We must then consider the requests made.  The bill reads:

"Whereupon counsel for defendant presented to the court the following written requests, and asked the court to give them before argument:

"1st.   The jury is instructed to return a verdict for the defendant, William F. Keiper, for the reason that there has been no evidence offered by the plaintiff tending to show that the contract or claim sued upon was the contract of said William F. Keiper."

An examination of the evidence will show that that proposition was clearly true, but as the jury found no verdict against Keiper he is making no complaint, and the case would not be reversed because of failure to give that proposition to the jury.

"2d.   The specifications which were a part of the contract under which the work was performed, forming the subject-matter of this action, contains the clause: 'should any extra work or changes of the plan be required whereby any cost may be increased or diminished, all such changes must be determined and agreed upon before the change is made, and the amount, whether an increase or a decrease in cost, must be endorsed upon the back of the contract."

That is the quotation from the contract itself, and then follows the following:

"No recovery can be had by the plaintiff for any extra work unless the jury finds that the above written provision has been waived by the defendant, Frances Keiper. The burden of establishing the proof of such waiver is upon the plaintiff, and such proof in order to entitle the plaintiff to recover, must be clear and convincing. Clear and convincing proof is more than the mere preponderance of the evidence, and such preponderance must be of such character as to make the proof clear and convincing."

It seems that with the grounds as well established as they are in Ohio, that in order to establish a change in a written contract proof must be clear and convincing, and that the contract under consideration, having the provisions which have been read, that there can be no doubt that that proposition should have been given to the jury. In the consideration of the case on the question as to extra work the proof must be such as is required in the change of the contract; but upon a careful examination of

the language of the contract the parties agreed that the extras should come, under the same provision as change in the contract. "Should any extra work or changes of the plan be required," etc., "the same must be endorsed upon the back of the contract."

That proposition is a clear statement of the law applicable to the case and should have been given, and to refuse to give it, if it stood alone, would have been error for which the defendant below would be entitled to have the judgment reversed. But it is said that it is one of a series of propositions, and unless the entire series had been given that there was no error in refusing to charge. However that may be, we think the next proposition is equally a clear statement of the law applicable to the case, and therefore the several propositions, and each of them, should have been given, and that therefore no reversal could be had on the first if it stood on that alone.

The third proposition requested to be charged reads:

"If the jury finds that the plaintiff has fairly endeavored to perform his contract, and has in fact substantially performed it, and if the jury further find that the defendant Frances Keiper has sustained any damages by reason of the failure of said plaintiff to strictly comply with his building contract, then in that event the plaintiff may recover the contract price for the work, less the amount of damages the owner may have sustained by reason of the failure of the plaintiff to strictly comply with said agreement."

As already said, it seems clear that that proposition was a proper statement of the law applicable to the case. It can hardly be doubted that each proposition here requested to be given was an accurate statement of the law and that it was applicable to the case on trial.

As to the first question, since it affected only the differences between the plaintiff and William Keiper, and no verdict was returned against the latter, it is obvious that no prejudice was to Frances on account of its refusal, but as to the others, they had a direct bearing upon the question at issue between the parties in this error proceeding, and the defendant was entitled to have them given before argument.

Indeed the court seems to have understood them to contain a true statement of propositions of law applicable to the case, from what was said in the general charge, but seemed to have acted upon the idea that if they were given, and correctly stated in the general charge, it relieved him from giving them before argument. The statute already referred to says otherwise. And the cases already cited show that the Supreme Court has held that where the propositions are requested in writing to be given before argument, they must be given before argument; and the error committed in refusing to give before argument will not be correctly so by giving the propositions in the general charge. It was, therefore, error in refusing to give these propositions, and for that error judgment must be reversed.

Again complaint is made of the charge given. It is said it is misleading; and the clause is referred to in which the court said, "It is also the policy of the law that the parties shall be held to as strict an execution of their contracts as possible." This clause taken alone might mislead, because one may not be excused from liability on his contract for want of ability on his part to comply with it. One must perform his contract in order to recover upon it. True, there may be some matter of so little consequence omitted that it would not affect anything of substance, and the contract be held to have been performed. However, the court said later in the charge on the subject of substantial performance, what would probably take away the misleading character of the clause quoted, and the case would not be reversed for this language in the charge alone.

On page 221 in its general charge, the court used this language:

"What do you say, gentlemen? Did the written contract include the superintendency by the plaintiff of the plumbing for which he asks judgment for $25.50 or was that plumbing for which he asks judgment à separate and distinct contract between the parties on that subject, and is the evidence upon that subject clear and convincing?"

Clear and convincing in what way? In order to change the contract it must be clear and convincing; but to have it fall within the contract it is not required that the evidence be clear

and convincing. Still the court in its language did not explain to the jury as to which way the evidence was to be clear and convincing. That language might mislead the jury.

But there is another infirmity in this charge, and that is that it asks the jury to look at a written contract covering many pages, a large part of it in print, and from that determine for themselves whether the contract required the superintending of this plumbing. The court should have examined that contract and in explaining the meaning of it should have said to the jury what is or is not a part of the things which plaintiff undertook to do.

There is the same infirmity with reference to other charges made. "What do you say, gentlemen, as to the mantel and the bridge work in the attic and for all those things for which compensation is asked for by the plaintiff?

The court should have construed that contract and not asked the jury to.

Again the court said to the jury "that under the terms of the written contract he was entitled to three days notice in writing of any dissatisfaction on the part of the defendant with the work or material used in the construction of said house and that said notice in writing was not given him. I say to you now, that if you find from the evidence such to have been the case, then the defendant could not recover damages as claimed by her unless you also find that such provision in said contract and specifications was waived by both parties, and on this subject the proof must likewise be clear and convincing."

Clear and convincing how? Clear and convincing that there was a contract or clear and convincing that the contract required three days' notice? The court should have examined the contract and determined whether or not three days' notice was a part, that plaintiff was entitled to three days' notice, and upon reading it the court should have said to the jury, that for the defects claimed here by this evidence of things discovered long after the plaintiff had turned the job over to the defendant, he was not entitled to three days' notice. That should have not been left to the jury.

Again in another part of the charge as to the claim for extras, the court said to the jury. "You will look to the evidence and

find what work and material the written contract and specifications called for." The court should have looked to the contract and told the jury what was called for.

The court is asked to take certain evidence from the jury; and that was evidence in relation to conversations had prior to the execution of the written contract, and referred to superintending plumbing. That evidence should have been taken from the jury, for the claim is made on the part of the plaintiff that this was for a change made after the contract was made. The contract did embody what the parties agreed to.

The charge then in various particulars is misleading; the refusal to charge as requested was erroneous, and the failure to take the evidence from the jury as to conversations about this plumbing before the contract was made was erroneous to the prejudice of plaintiff in error, and although it is with regret that we reverse this we are inclined to think that perhaps the true result was reached, but it is not clear that that is so, and it may be that the jury made a mistake.

The case will be reversed and remanded to the court of common pleas for trial.